141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Southwest Center for Biological Diversity; Allison Rolfe,
an Individual; David Hogan, an Individual,
Plaintiffs-Appellants,
v.
Bruce BABBITT, Secretary of the Interior, Defendant-Appellee.
 No. 96-56719.
D.C. No. CV-95-03688-JNK.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1998.
Decided Mar. 25, 1998.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, District Judge, Presiding.
 Before WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Babbitt, the Secretary of the Interior, declined to list the Coastal Cactus Wren as an endangered species. The district court upheld the decision by granting summary judgment in favor of the Secretary. Southwest Center for Biological Diversity (SWC) appeals that ruling, claiming the Secretary's decision was tainted by political considerations and was contrary to the best scientific evidence.
 
 
 3
 We affirm the judgment of the district court. SWC has not presented a genuine issue of material fact regarding whether the Secretary was improperly influenced by political concerns. Further, the Secretary's decision was not arbitrary, capricious, or contrary to law. In addition, the scientific evidence supporting the listing of the wren as endangered is weak.
 
 STANDARD OF REVIEW
 
 4
 The district court's grant of summary judgment is reviewed de novo. See Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir.1996). The Secretary of the Interior's decision whether or not to list a species as endangered is reviewed pursuant to the Administrative Procedure Act and may be set aside only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1994); Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1401 (9th Cir.1995).
 
 
 5
 This court has described the arbitrary and capricious standard as follows:
 
 
 6
 An agency's decision is arbitrary and capricious if "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."
 
 
 7
 Inland Empire Pub. Lands Council v. Glickman, 88 F.3d 697, 701 (9th Cir.1996) (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).
 
 
 8
 "An agency's interpretation of a statute that the agency is charged with administering is entitled to substantial deference, and an agency's interpretation of its regulations is controlling if not plainly erroneous or inconsistent with the regulations." Sierra Club v. Babbitt, 65 F.3d 1502, 1507 (9th Cir.1995) (quoting Norfolk Energy, Inc. v. Hodel, 898 F.2d 1435, 1439 (9th Cir.1990)).
 
 DISCUSSION
 
 9
 1. Decision Was Not Improperly Biased By Political Concerns
 
 
 10
 The Endangered Species Act (ESA) requires that the Secretary make listing decisions based solely on "the best scientific and commercial data available to him after conducting a review of the status of the species." 16 U.S.C. § 1533(b)(1)(A).
 
 
 11
 SWC argues the Secretary's decision not to list the Coastal Cactus Wren was impermissibly biased by political concerns. In a memorandum to the Secretary prepared by Jim Bartel, the Division Chief for Listing and Recovery of the Fish and Wildlife Service, Bartel alludes to political concerns associated with the wren's listing decision. However, Bartel's supervisor edited the memorandum and directed the Secretary not to consider political consequences. Further, there is insufficient evidence from which jurors could reasonably find that the memorandum was the basis for the Secretary's decision and, as such, summary judgment was proper. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 
 
 12
 2. Decision Not to List the Coastal Cactus Wren Was Not Arbitrary and Capricious
 
 
 13
 The Fish and Wildlife Service, after conducting an investigation of the species, concluded that there was little objective scientific evidence to support a finding of geographic isolation. The Secretary found that the Coastal Cactus Wren was not distinct. He found the species not isolated in habitat either (1) physically or (2) by international political boundaries involving differences in management. The Secretary concluded based on his own investigation that the scientific evidence on the issue was "spotty and equivocal ." Upon review of the administrative record, the Secretary determined that evidence indicating geographical isolation was sparse and inconclusive. There was no direct evidence or unequivocal personal communications from ornithological experts to substantiate the isolation assertion.
 
 
 14
 The Secretary must base his decision whether or not to list a species as endangered on the best scientific data available. 16 U.S.C. § 1533(b)(1)(A); 50 C.F.R. 424.11(b) (1997). The best scientific evidence did not indicate that the Coastal Cactus Wren was a distinct population. The Secretary's decision not to list the species as endangered was therefore consistent with the best scientific evidence available. Accordingly, the district court's judgment in favor of the Secretary was neither arbitrary nor capricious.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3